UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| BOB K. LUONG,<br><br>        Plaintiff,<br><br>   v.<br><br>SUPER MICRO COMPUTER, INC., et al.,<br><br>        Defendants. | Case No. 24-cv-02440-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND ASSOCIATED DEADLINES; AND CONTINUING INITIAL CASE MANAGEMENT CONFERENCE FROM SEPTEMBER 19, 2024 TO DECEMBER 19, 2024**<br><br>[Re: ECF 22] |

Before the Court is Defendants' administrative motion to continue the Initial Case Management Conference and related deadlines, *see* Defs.' Admin. Mot., ECF 22, and Plaintiff's opposition thereto, *see* Pl.'s Opp. to Admin. Mot., ECF 24. For the reasons discussed below, Defendants' administrative motion is GRANTED. The Initial Case Management Conference is CONTINUED from September 19, 2024 at 11:00 a.m. to December 19, 2024 at 11:00 a.m.

This is a whistleblower retaliation action brought by Plaintiff Bob K. Luong against Defendants Super Micro Computer, Inc. and its CEO, Charles Liang. Defendants have filed a motion to compel arbitration of Plaintiff's state law claims and to stay the action with respect to Plaintiff's sole federal claim brought under the Sarbanes-Oxley Act ("SOX").[1] *See* Defs.' Mot. to

---

[1] Plaintiff's SOX claim cannot be compelled to arbitration. *See* 18 U.S.C. § 1514A(e)(2) ("No predispute arbitration provision shall be valid or enforceable, if the agreement requires arbitration of a dispute arising under this section.").

Compel, ECF 17.  Defendants' motion to compel arbitration and stay action is set for hearing on September 26, 2024, one week after the Initial Case Management Conference currently set for September 19, 2024.  Defendants argue that a 90-day continuance of the Initial Case Management Conference, from September 19, 2024 to December 19, 2024, will prevent the waste of resources in the event the motion to compel arbitration and stay action is granted.  *See* Defs.' Admin. Mot. at 2 ("There is no reason for this Court to review a Rule 26(f) report and joint discovery plan, hold a Case Management Conference, and issue a scheduling order only to compel Plaintiff to arbitrate his non-SOX claims and stay this action the following week.").  Plaintiff argues that the requested continuance of the Initial Case Management Conference is not warranted because Defendants are not likely to prevail on their motion to compel arbitration and stay action.  *See* Pl.'s Opp. to Admin. Mot. at 2.

Other courts in this district have granted the type of administrative relief sought by Defendants here, reasoning that "[i]n the interests of conserving the resources of the parties, a short stay of the initial scheduling obligations and discovery pending the determination of the motion to compel arbitration is therefore prudent."  *Stiener v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) (collecting cases).  This Court likewise finds that a brief continuance of the Initial Case Management Conference and related deadlines will further judicial economy and conserve of the parties' resources without imposing any significant prejudice on Plaintiff.

**ORDER**

(1) The Initial Case Management Conference is CONTINUED from September 19, 2024 at 11:00 a.m. to December 19, 2024 at 11:00 a.m.

(2) All related deadlines are reset accordingly.

(3) This order terminates ECF 22.

Dated:  August 13, 2024

_____
BETH LABSON FREEMAN
United States District Judge

2