UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOB K. LUONG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUPER MICRO COMPUTER, INC. and CHARLES LIANG,<br><br>　　　　Defendants. | Case No. 24-cv-02440-BLF<br><br>**ORDER DENYING DEFENDANTS' SECOND ADMINISTRATIVE MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND ASSOCIATED DEADLINES**<br><br>[Re: ECF 50] |

Before the Court is Defendants' second administrative motion to continue the Initial Case Management Conference and related deadlines, *see* Defs.' Second Admin. Mot., ECF 50, and Plaintiff's opposition thereto, *see* Pl.'s Opp., ECF 51. The administrative motion is DENIED for the reasons discussed below.

Plaintiff Bob. K. Luong filed this action in April 2024, asserting whistleblower claims against Defendants Super Micro Computer, Inc. and Charles Liang under the federal Sarbanes-Oxley Act ("SOX") and state law. *See* Compl., ECF 1. The Court granted Defendants' administrative motion to continue the Initial Case Management Conference and related deadlines pending resolution of Defendants' motion to compel arbitration of the state law claims. *See* Order, ECF 26. Observing that other courts in this district have stayed initial scheduling obligations and discovery pending the determination of a motion to compel arbitration, this Court did likewise after assuring itself that the requested continuance would not impose any significant prejudice on Plaintiff. *See id.* at 2.

1  The Court thereafter granted Defendants' motion to compel arbitration and stayed the

2  action.  *See* Order, ECF 34.  Plaintiff responded by dismissing his state law claims and electing to

3  proceed only on his SOX claim, which is not subject to arbitration.  *See* Joint Stipulation and

4  Order, ECF 37.  Plaintiffs' operative second amended complaint ("SAC") asserts a single claim

5  under SOX.  *See* SAC, ECF 38.  The Court lifted the stay and reset the Initial Case Management

6  Conference for March 20, 2025.

7  Defendants have filed a second administrative motion to continue the Initial Case

8  Management Conference and related deadlines, this time pending resolution of Defendants'

9  motion to dismiss the SAC, which is set for hearing on April 17, 2025.  *See* Defs.' Second Admin.

10 Mot. at 2.  Defendants argue that discovery should not be opened when the case is likely to be

11 dismissed.  *See id.*  Plaintiff asserts that discovery already has been delayed once at Defendants'

12 request, and that a further delay is not warranted.  *See* Pl.'s Opp. at 1.

13 "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

14 discovery when a potentially dispositive motion is pending."  *Tradebay, LLC v. eBay, Inc.*, 278

15 F.R.D. 597, 600 (D. Nev. 2011).  "Courts in this district have applied a two-pronged test to

16 determine whether discovery should be stayed pending resolution of a dispositive motion."  *SVB*

17 *Fin. Grp. v. Fed. Deposit Ins. Corp.*, No. 23-CV-06543-BLF, 2024 WL 1898439, at *1 (N.D. Cal.

18 Apr. 29, 2024) (collecting cases).  "First, a pending motion must be potentially dispositive of the

19 entire case, or at least dispositive on the issue at which discovery is directed."  *Id*. (internal

20 quotation marks and citation omitted).  "Second, the court must determine whether the pending

21 dispositive motion can be decided absent additional discovery."  *Id*. (internal quotation marks and

22 citation omitted).  In applying this test, the district court must take a "preliminary peek" at the

23 merits of the pending motion.  *Tradebay*, 278 F.R.D. at 602.  "If the party moving to stay satisfies

24 both prongs, a protective order may issue; otherwise, discovery should proceed."  *Id*.

25 The Court finds the first prong of the test to be satisfied here, because Defendants' motion

26 to dismiss is directed to the only claim in the operative SAC.  Defendants argue that the SOX

27 claim is subject to dismissal for lack of subject matter jurisdiction under Federal Rule of Civil

28 Procedure 12(b)(1), asserting that Plaintiff did not submit an administrative complaint to the

Occupational Safety and Health Administration ("OSHA") as required before bringing suit. In the event the Court finds that the administrative complaint requirement is not jurisdictional, Defendants argue that Plaintiff's failure to file an administrative complaint with OSHA renders the SOX claim subject to dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Either argument is potentially dispositive of Plaintiff's SOX claim.

The Court does not find the second prong of the test to be satisfied, however. Defendants' administrative exhaustion argument depends on the Court's acceptance of numerous documents that Defendants submit with their motion, which Defendants contend establish Plaintiff's failure to file an administrative complaint. Plaintiff object to the Court's consideration of some of Defendants' documents. Plaintiff also claims that he timely submitted an administrative complaint to OSHA via facsimile, and offers some evidence of that submission. A "preliminary peek" at the motion illustrates that the Court will have to resolve these legal and factual issues, among others, in order to render a decision. The Court also will have to determine whether any deficiencies in the SAC could be cured by amendment. Plaintiff expressly requests leave to take discovery regarding his facsimile submission of an administrative complaint and OSHA's receipt of that submission or lack thereof.

Because it is not clear that Defendants will prevail on their motion, or that any deficiencies in the SAC could not be cured by amendment, the Court concludes that the requested discovery stay is not warranted. The Initial Case Management Conference and related deadlines will remain as scheduled so that discovery may open in the case.

**ORDER**

(1)  Defendants' second administrative motion to continue the Initial Case Management Conference and related deadlines is DENIED; and

(2)  This order terminated ECF 50.

Dated: February 11, 2025

_____
BETH LABSON FREEMAN
United States District Judge