UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB K LUONG,<br><br>Plaintiff,<br><br>v.<br><br>SUPER MICRO COMPUTER, INC., et al.,<br><br>Defendants. | Case No. 24-cv-02440-NW<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: ECF No. 42 |

Plaintiff Bob K. Luong ("Luong" or "Plaintiff") alleges that his former employer, Defendant Super Micro Computer, Inc. ("Super Micro"), and its CEO, Defendant Charles Liang ("Liang") (collectively, "Defendants"), unlawfully retaliated against him for being a whistleblower regarding Defendants misleading accounting practices and other misconduct. On January 13, 2025, Defendants moved to dismiss the second amended complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 42. Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES the motion.

I.  **BACKGROUND**

The Court included many of the relevant facts and references to the record in its November 4, 2024 Order Granting Defendants' Motion to Compel Arbitration and Stay Action, and does not repeat those facts here. ECF No. 34. In that Order the Court compelled arbitration on Luong's two state law claims and stayed the case with respect to Luong's non-arbitrable federal claim for whistleblower retaliation under the Sarbanes-Oxley Act of 2002 ("SOX"). ECF No. 34. Luong then filed a motion for leave to amend his complaint to abandon his state law claims and proceed

1    only on his SOX claim.  ECF No. 35.  Pursuant to the parties' stipulation, Luong dismissed his

2    state law claims and on December 16, 2024, he filed a second amended complaint ("SAC") that

3    included only his SOX claim.  ECF No. 36; Joint Stipulation and Order, ECF No. 37; SAC, ECF

4    No. 38.

5    **A.    The Current Dispute**

6    On April 12, 2023, Luong's counsel faxed a SOX whistleblower retaliation administrative

7    complaint to the Occupational Safety & Health Administration's ("OSHA") Fremont/San Jose

8    State Plan Office.  Jordan Decl., Ex. 2 ("April 12, 2023 administrative SOX complaint").  The

9    parties dispute whether this fax was received by OSHA, and if not, what consequences should

10   result.

11   Luong's April 12, 2023 administrative SOX complaint requests that OSHA investigate his

12   allegation of "unlawful whistleblower retaliation in violation of the Sarbanes-Oxley Act of 2002"

13   against Defendant Super Micro.  *Id.* at 1.  The April 12, 2023 administrative SOX complaint

14   alleges that Super Micro and Liang "have a well-documented history of prematurely recognizing

15   revenue and understating expenses in violation of Generally Accepted Accounting Principles

16   ('GAAP') and certain antifraud, books and records, and internal accounting controls provisions of

17   the federal securities laws."  *Id.* at 1-2.  It also asserts that "Mr. Luong resisted and, in some

18   instances, refused to go along with CEO Liang's and Super Micro's schemes, which he reasonably

19   believed violated GAAP and SEC accounting rules."  *Id* at 2.  For example, in late 2020 and early

20   2021, "Luong reported [ ] concerns regarding the recognition and allocation of revenue issues to

21   CFO Kevin Bauer who met with CEO Liang to discuss these concerns."  *Id.* at 4.  The April 12,

22   2023 administrative SOX complaint states that Luong also met with HR personnel and "filed an

23   internal complaint with Super Micro formalizing the concerns he initially raised with HR."  *Id.*  In

24   his HR complaint Luong reported Defendants retaliated against him and his staff and that

25   retaliation continued until he was placed on involuntary administrative leave on October 14, 2022.

26   *Id.*  The SAC states that Luong was later placed on involuntary unpaid administrative leave, then

27   terminated on April 12, 2023.  SAC ¶ 37.

28

The SAC further alleges that Luong "timely submitted his administrative SOX Whistleblower Retaliation Complaint to . . . [OSHA] via facsimile within the 180-day statute of limitation period." *Id.* ¶ 38. Plaintiff's counsel declares the April 15, 2023 date listed in the SAC is incorrect and should be April 12, 2023. Brooks Decl. ¶ 3. Luong also asserts that "[m]ore than 180 days have now passed since Plaintiff's administrative SOX Whistleblower Retaliation Complaint was filed" and because "[n]o action has been taken on the complaint by OSHA or any other designee of the Secretary of Labor and no final decision has been rendered," he has exhausted his administrative remedies. SAC ¶ 39.

Soon after faxing the April 12, 2023 administrative SOX complaint, Plaintiff's counsel received an email confirmation from myfax stating "Your fax was successfully sent to 15107943889 by MyFax" and listed the date, number of pages, length of transmission, and the ID number of the receiving fax machine. Jordan Decl., Ex. 4 and Pierre Charles Decl. Ex. B ("MyFax confirmation").

In June and July 2024, Defendants' counsel submitted FOIA requests to OSHA. Jordan Decl., Exs. 5-7. The FOIA responses indicate that OSHA searched its regional Whistleblower Protection Program ("WPP") records for the April 12, 2023 administrative SOX complaint (listed as the April 15, 2023 SOX complaint) and did not find any records. *Id.*

Plaintiff's counsel submitted its own FOIA request to OSHA in mid-January 2025 after Defendants filed the instant motion. Brooks Decl., Ex. 6. The request specifically sought the "SOX whistleblower complaint my office faxed to the OSHA Fremont/San Jose State Plan Office at (510) 794-3889 on April 12, 2023." *Id.* OSHA responded as follows:

> Please be advised FOIA requests apply to Federal government agencies. Federal OSHA can only search for records in its respective offices. State OSHA offices are not Federal OSHA offices. State OSAH [sic] maintain and control their own records, [sic] As you are requesting a copy of a fax you sent to Cal/OSHA, not Federal OSHA, Federal OSHA has no records responsive to this FOIA request.

*Id.* OSHA's response then stated "[y]ou may use the information provided below to submit a Public Records Act (aka PRA) request directly to Cal/OSHA." *Id.* Plaintiff's counsel then

3

submitted a California Public Records Act ("PRA") request to Cal/OSHA on January 27, 2025. Brooks Decl., Ex. 7.

Also on January 27, 2025, Plaintiff's counsel sent a hand-delivered letter to OSHA's Oakland Area Office and via email to the Division of Labor Standards Enforcement. Brooks Decl., Ex. 1. The letter requested "that OSHA equitably toll the 180-day limitation period and accept for filing and investigation" the April 12, 2023 administrative SOX complaint. *Id.* The letter noted that "[o]n April 24, 2024, after not receiving a final decision from OSHA within 180 days of filing the OSHA complaint, Plaintiff filed a civil action in federal court" and attaches the complaint. *Id.*

On February 6, 2025, an investigator from OSHA's WPP responded to Plaintiff's January 27, 2025 letter copying Plaintiff's and Defendants' counsel. Suppl. RJN, Ex. 8. The February 6, 2025 response stated:

> On April 12, 2023, you filed a Sarbanes-Oxley Act (SOX), 18 U.S.C.A. §1514A complaint with the State Plan OSHA Fremont/San Jose office (Cal-OSHA). On April 24, 2024, after waiting over 180 days, you elected to file your claim in U.S. District Court. On January 1, 2025, Respondent filed a motion to dismiss the complaint because Complainant "failed to exhaust his administrative remedies…" Finally, on January 27, 2025, you filed a SOX complaint with the OSHA Whistleblower Protection Program (WPP) in the San Francisco Region requesting equitable tolling of the filing date and approval to "kick-out" the complaint to U.S. District Court.
>
> The Whistleblower Investigations Manual (CPL-02-03-011) provides a no-exclusive list of reasons that may justify tolling. In this instance Chapter 3.III.D.4.d ("*The employee mistakenly filed a timely retaliation complaint relating to a whistleblower statute enforced by OSHA with another agency that does not have the authority to grant individual relief…*") applies because you timely filed your complaint with Cal-OSHA who does not have authority to grant relief under SOX. Additionally, you waited the required timeframe under the act to "kick-out" your complaint U.S. District Court.
>
> You provided this office a copy of your complaint filed in U.S. District Court on April 24, 2024. As a result of your electing to proceed with your case in court, WPP is dismissing your complaint.

*Id.* (emphasis in original).

On March 12, 2025, staff counsel at Cal/OSHA responded to Plaintiff's PRA request stating, "[p]ursuant to your client's authorization, attached please find the SOX whistleblower

4

complaint that the Division of Occupational Safety and Health received from you on April 12, 2023." Second Suppl. RJN, Ex. 9. Cal/OSHA's email response attached the April 12, 2023 SOX complaint with a header at the top of each page that lists "To Only Occupational Safety & Health Administration," the page number out of a total of six pages, the date and time, an 11-digit number, and "From Jennifer Charles." *Id.* The attachment also included a complaint cover sheet with a row for "Receipt Information" on the second page that states "27. Received by: fax" and "29. Date: 04/12/23." *Id.*

### B. Procedural History

On January 13, 2025, Defendants filed a motion to dismiss the SAC. Mot. to Dismiss, ECF No. 42. In support, Defendants filed both a declaration and request for judicial notice of the exhibits attached to the declaration. Jordan Decl., ECF No. 43; Defs.' Request for Judicial Notice ("Defs'. RJN"), ECF No. 44.

In response to Defendants' motion to dismiss, Luong filed an opposition, together with two declarations and a request for judicial notice of exhibits in support of his opposition. Opp'n, ECF Nos. 45 and 47[1], Brooks Decl., ECF No. 45-1; Pierre Charles Decl., ECF No. 45-2; and Pls.' Request for Judicial Notice ("Pls.' RJN"), ECF No. 45-3. On February 6, 2025, Defendants filed a reply in further support of their motion to dismiss. Reply, ECF No. 48. On the same day, Luong filed a supplemental request for judicial notice of an additional exhibit in support of his opposition. Suppl. Request for Judicial Notice ISO Opp'n ("Suppl. RJN"), ECF No. 49.

Defendants objected to Luong's supplemental request for judicial notice. Obj. to Suppl. RJN, ECF No. 53. On March 13, 2025, Luong filed a second supplemental request for judicial notice. Second Suppl. Request for Judicial Notice ISO Opp'n ("Second Suppl. RJN"), ECF No. 55. Defendants again objected. Obj. to Suppl. RJN, ECF No. 57. Pursuant to the Court's order, the parties submitted supplemental briefing on these two documents on June 4, 2025, and June 11,

---

[1] The Court struck Luong's January 27, 2025 opposition for failing to comply with the standing order. *See* ECF No. 46. Luong refiled his opposition to Defendants' motion to dismiss on January 30, 2025. *See* ECF No. 47.

5

1  2025.  Defs.' Supp. Brief in Support of Mot. to Dismiss, ECF No. 64 ("Defs.' Supp. Brief"), Pl.'s

2  Supp. Brief in Opposition to Mot. to Dismiss, ECF No. 65 ("Pl.'s Supp. Brief").

## II. REQUESTS FOR JUDICIAL NOTICE

A court may take judicial notice of facts "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  Accordingly, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).  But a court cannot take judicial notice of disputed facts contained in such public records.  *Id.*

Both parties ask the Court to take judicial notice of several documents, outlined below. Defendants request judicial notice of the documents in Table A, whereas Plaintiff requests judicial notice of the documents in Table B.  The parties' objections to any of the documents requested for judicial notices are indicated in each table.

| Table A – Defendants' Requests for Judicial Notice | | |
|---|---|---|
| **Document Description** | **Document Source** | **Objections** |
| June 20, 2024 email exchange between plaintiff's and defendants' counsel regarding plaintiff's SOX complaint | Jordan Decl., Ex. 1 (ECF No. 43-1) | N/A |
| June 20, 2024 attachment (Luong April 12, 2023 administrative SOX complaint) to the email exchange between plaintiff's and defendants' counsel regarding plaintiff's SOX complaint | Jordan Decl., Ex. 2 (ECF No. 43-2) | N/A |
| July 17, 2024 email exchange between plaintiff's and defendant's counsel regarding the faxing of plaintiff's SOX complaint | Jordan Decl., Ex. 3 (ECF No. 43-3)[2] | N/A |

---

[2] It appears Jordan Declaration Exhibits 3 and 4 were not described or referenced in the declaration itself.

6

| Table A – Defendants' Requests for Judicial Notice | | |
|---|---|---|
| **Document Description** | **Document Source** | **Objections** |
| Email dated April 12, 2023, from myfax.com with the subject line "Successful transmission to 15107943889. Re: UNKNOWN" | Jordan Decl., Ex. 4 (ECF No. 43-4)[3] | N/A |
| OSHA initial response dated June 13, 2024, to FOIA number 2024-F-10317 to K. B. Jordan | Jordan Decl., Ex. 5 (ECF No. 43-5) | "Plaintiff requests that the Court only take judicial notice of the genuineness of the contents" of Jordan Declaration Exhibit 5.  Opp'n at 8. |
| OSHA follow-up response dated June 13, 2024, to FOIA number 2024-F-10317 correcting search dates to K. B. Jordan | Jordan Decl., Ex. 6 (ECF No. 43-6) | "Plaintiff requests that the Court only take judicial notice of the genuineness of the contents" of Jordan Declaration Exhibit 6.  Opp'n at 8. |
| OSHA response dated July 8, 2024, to FOIA number 2024-F-11241 to K. B. Jordan | Jordan Decl., Ex. 7 (ECF No. 43-7) | "Plaintiff requests that the Court only take judicial notice of the genuineness of the contents" of Jordan Declaration Exhibit 7.  Opp'n at 8. |

---

[3] This document appears to be the same as Pierre Charles Decl. Ex. B (ECF No. 45-2, pdf pages 5-6).

| Table A – Defendants' Requests for Judicial Notice | | |
|---|---|---|
| **Document Description** | **Document Source** | **Objections** |
| OSHA Whistleblower Investigations Manual effective April 29, 2022, with highlighting added | Jordan Decl., Ex. 8 (ECF No. 43-8) | "Plaintiff requests that the Court only take judicial notice of the genuineness of the contents" of Jordan Declaration Exhibit 8.  Opp'n at 8. |
| August 5, 2021 HP Customer Support Post titled "Getting fax confirmations but destinations aren't receiving full faxes" with highlighting added | Jordan Decl., Ex. 9 (ECF No. 43-9) | Plaintiff objects as "not properly subject to judicial notice under" Federal Rule of Evidence 201. Opp'n at 8. |
| April 11, 2019 Ring Central Customer Support Post titled "Recipients not receiving my 'successfully sent' faxes" with highlighting added | Jordan Decl., Ex. 10 (ECF No. 43-10) | Plaintiff objects as "not properly subject to judicial notice under" Federal Rule of Evidence 201. Opp'n at 8. |
| April 11, 2019 Cisco Customer Support Post titled "Fax not being received, but receiving delivery confirmation" with highlighting added | Jordan Decl., Ex. 11 (ECF No. 43-11) | Plaintiff objects as "not properly subject to judicial notice under" Federal Rule of Evidence 201. Opp'n at 8. |
| December 5, 2024 Blog Post titled "Fax Confirmation: Steps to Obtain a Fax Confirmation" with highlighting added | Jordan Decl., Ex. 12 (ECF No. 43-12) | Plaintiff objects as "not properly subject to judicial notice under" Federal Rule of Evidence 201. Opp'n at 8. |

| Table B – Plaintiff's Requests for Judicial Notice | | |
|---|---|---|
| **Document Description** | **Document Source** | **Objections** |
| January 27, 2025 Letter to OSHA and Division of Labor Standards Enforcement (DLSE) and attaching exhibits 1 through 8 | Brooks Decl., Ex. 1 (ECF No. 45-1[4], pdf pages 4-70) | N/A |
| OSHA webpage titled "How to File a Whistleblower Complaint" accessed on January 27, 2025 | Brooks Decl., Ex. 2 (ECF No. 45-1, pdf pages 71-83) | N/A |
| Wayback Machine archive of OSHA website from March 15, 2023, accessed on January 19, 2025 | Brooks Decl., Ex. 3 (ECF No. 45-1, pdf pages 84-88) | N/A |
| Email dated April 12, 2023, from myfax.com with the subject line "Successful transmission to 15107943889. Re: UNKNOWN" with Luong April 12, 2023 administrative SOX complaint | Brooks Decl., Ex. 4 (ECF No. 45-1, pdf pages 89-96) | Defendants object to this exhibit because Plaintiff "has not established that the administrative complaint is the document that was faxed to OSHA on April 12, 2023." Reply at 15. |
| OSHA Fact Sheet titled "Filing Whistleblower Complaints under the Sarbanes-Oxley Act" | Brooks Decl., Ex. 5 (ECF No. 45-1, pdf pages 97-99) | N/A |
| OSHA response dated January 24, 2025, to FOIA number 2025-F-05946 addressed to M. Brooks | Brooks Decl., Ex. 6 (ECF No. 45-1, pdf pages 100-102) | N/A |
| January 27, 2025 California Public Records Act Request by M. Brooks | Brooks Decl., Ex. 7 (ECF No. 45-1, pdf pages 103-104) | N/A |
| April 12, 2023 Google chat messages between J. Pierre Charles and M. Brooks regarding Luong SOC complaint | Pierre Charles Decl., Ex. A (ECF No. 45-2, pdf pages 3-4) | N/A |

---

[4] Plaintiff's counsel filed all the exhibits to the Brooks declaration as a single document, contained at ECF No. 45-1. For ease of reference, the Court cites to the ECF page ranges of each exhibit contained within ECF No. 45-1.

| Table B – Plaintiff's Requests for Judicial Notice | | |
|---|---|---|
| **Document Description** | **Document Source** | **Objections** |
| Email dated April 12, 2023, from myfax.com with the subject line "Successful transmission to 15107943889. Re: UNKNOWN" | Pierre Charles Decl. Ex. B (ECF No. 45-2, pdf pages 5-6)[5] | N/A |
| April 17, 2023 Google chat messages between J. Pierre Charles and M. Brooks regarding fax confirmation for Luong SOC complaint | Pierre Charles Decl., Ex. C (ECF No. 45-2, pdf pages 7-8) | N/A |
| February 6, 2025 email and attachment from A. Son with OSHA Whistleblower Protection Program (WPP) to plaintiff's and defendants' counsel | Suppl. RJN (labeled Exhibit 8) (ECF No. 49) | *See* Defendants' Objections to Plaintiff's Post-Reply Evidence (ECF No. 53). |
| March 12, 2025 email and attachment from L. Brokaw at the Division of Occupational Safety and Health to M. Brooks regarding April 12, 2023 administrative SOX complaint | Second Suppl. RJN (labeled Exhibit 9) (ECF No. 55) | *See* Defendants' Objections to Plaintiff's Second Submission of Post-Reply Evidence (ECF No. 57). |

With respect to Defendants' documents, the Court takes judicial notice of the following documents requested by Defendants and agreed upon by Plaintiff:

- Jordan Declaration Exhibit 2 (the April 12, 2023 administrative SOX complaint),
- Jordan Declaration Exhibit 4 (email dated April 12, 2023, from myfax.com with the subject line "Successful transmission to 15107943889. Re: UNKNOWN"), and
- Jordan Declaration Exhibits 5, 6, and 7 (OSHA responses to FOIA requests).[6]

The Court takes judicial notice of these documents subject to the strictures of Federal Rule of Evidence 201.

Similarly, the Court takes judicial notice of the following documents requested by Plaintiff and agreed upon by Defendants:

---

[5] This document appears to be the same as Jordan Decl., Ex. 3 (ECF No. 43-3).

[6] The Court notes Luong's request "that the Court only take judicial notice of the genuineness of the contents of Defendants' Exhibits 5-8 and not the accuracy of the documents in explaining OSHA's actual handling of the OSHA complaint in this case." Opp'n at 8.

- Brooks Declaration Exhibit 1 (January 27, 2025 Letter to OSHA and Division of Labor Standards Enforcement (DLSE)),
- and
- Pierre Charles Declaration Exhibit B (email dated April 12, 2023, from myfax.com with the subject line "Successful transmission to 15107943889. Re: UNKNOWN"), and
- Brooks Declaration Exhibits 6 and 7 (OSHA response to FOIA request and California PRA request).

The Court takes judicial notice of these documents subject to the strictures of Federal Rule of Evidence 201.

The Court also takes judicial notice of Brooks Declaration Exhibit 4, Supplemental RJN Exhibit 8, and Second Supplemental RJN Exhibit 9 requested by Plaintiff and objected to by Defendants. The Court overrules Defendants' objections and takes judicial notice of these document subject to the strictures of Federal Rule of Evidence 201.

The Court DENIES Defendants' request for judicial notice of Jordan Declaration Exhibits 1 and 3 (emails between counsel), Jordan Declaration Exhibit 8 (OSHA Whistleblower Investigations Manual), and Jordan Declaration Exhibits 9-12 (publications). None of these documents contain information that is "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination." Fed. R. Evid. 201. For the same reasons, the Court DENIES Plaintiff's request for judicial notice of Brooks Exhibit 2 (OSHA webpage titled "How to File a Whistleblower Complaint"), Brooks Exhibit 3 (Wayback machine webpage), Brooks Exhibit 5 (OSHA Fact Sheet), and Pierre Charles Declaration Exhibits A and C (Google chat messages).

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A complaint will be dismissed if, looking at

11

1  the complaint in its totality, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When a complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *Pride v. Correa,* 719 F.3d 1130, 1133 (9th Cir. 2013). Thus, a district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6). *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride*, 719 F.3d at 1133).

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**IV.   DISCUSSION**

    **A.   Exhaustion of Administrative Remedies**

"To safeguard investors in public companies and restore trust in the financial markets following the collapse of Enron Corporation, Congress enacted the Sarbanes-Oxley Act of 2002, 116 Stat. 745." *Lawson v. FMR LLC*, 571 U.S. 429, 432 (2014) (citing S. Rep. 107-146, 2–11 (2002)). One of the measures enacted in Sarbanes-Oxley to achieve these goals was the protection

12

of whistleblowers. *Id.* In particular, Sarbanes-Oxley provides that "no [publicly traded] company . . . or any officer, employee, contractor, subcontractor, or agent of such company" may retaliate against an employee who "provid[ed] information, cause[d] information to be provided, or otherwise assist[ed] in an investigation" of conduct that the employee reasonably believes is a violation of securities law or the SEC's rules where "the information or assistance is provided to or the investigation is conducted by," among others, "a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate misconduct)." 18 U.S.C. § 1514A(a)(1)(C).

Under Sarbanes-Oxley, an aggrieved whistleblower can initiate an administrative action by filing a complaint with the Secretary of Labor, which must be filed "not later than 180 days after the date on which the violation occurs, or after the date on which the employee became aware of the violation." § 1514A(b)(1)(A), (2)(D). In addition, "if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant," the claimant may bring an action seeking de novo review in federal district court. § 1514A(b)(1)(B).

The Code of Federal Regulations "establishes procedures pursuant to Sarbanes–Oxley for the expeditious handling of retaliation complaints made by employees" and "set[s] forth the procedures for submission of complaints under Sarbanes–Oxley." 29 C.F.R. § 1980.100(b). For example, an administrative SOX whistleblower complaint "should be filed with the OSHA office responsible for enforcement activities in the geographical area where the employee resides or was employed, but may be filed with any OSHA officer or employee." § 1980.103(c).

Relevant to the instant motion is the time for filing an administrative SOX whistleblower complaint. A complaint alleging whistleblower retaliation must be filed "[w]ithin 180 days after an alleged violation of the Act occurs or after the date on which the employee became aware of the alleged violation of the Act." § 1980.103(d). "The date of the postmark, facsimile transmittal, electronic communication transmittal, telephone call, hand-delivery, delivery to a third-party commercial carrier, or in-person filing at an OSHA office will be considered the date of filing." *Id.*

13

1    In addition, "[t]he time for filing a complaint may be tolled for reasons warranted by
2    applicable case law." *Id.* "For example, OSHA may consider the time for filing a complaint
3    equitably tolled if a complainant mistakenly files a complaint with the another [sic] agency instead
4    of OSHA within 180 days after becoming aware of the alleged violation."[7] *Id.*

5    Defendants argue that because OSHA never received Luong's SOX complaint after it was
6    faxed, OSHA was foreclosed from acting on it and thus Luong "did not satisfy SOX's
7    administrative exhaustion requirements and cannot proceed in [federal] court." Mot. at 7.
8    Defendants anchor this argument by asserting that a SOX "complaint is 'filed' when it is
9    received." *Id.* at 9, Defs.' Supp. Brief at 2. In support, Defendants cite to two cases: (1) *Murray v.*
10    *TXU Corp.*, 279 F. Supp. 2d 799 (N.D. Tex. 2003) and (2) *Bentley v. Bureau of Alcohol, Tobacco,*
11    *Firearms, & Explosives*, 414 F. App'x 28 (9th Cir. 2011). Mot. at 9. Luong argues that because
12    the regulation states that "the date of the facsimile transmittal will be considered the date of
13    filing," Luong timely filed his administrative SOX whistleblower complaint. Opp'n at 7. The
14    Court agrees with Luong.

15    As an initial matter, the parties dispute whether Luong's supposed timeliness issue is a
16    jurisdictional requirement or a claim processing issue. Mot. at 13-14, Opp'n at 5-7, Reply at 6-8.
17    Neither party cites binding legal authority that directly addresses whether SOX's administrative
18    pre-filing requirements are "a jurisdictional procedural requirement [that] locks the courthouse
19    doors." *Jaludi v. Citigroup & Co.*, 57 F.4th 148, 151 (3d Cir. 2023).

20    "A 'jurisdictional' prescription sets the bounds of the 'court's adjudicatory authority.'"
21    *Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023) (quotations omitted). However,
22    "nonjurisdictional rules govern how courts and litigants operate within those bounds." *Id.* For
23    example, claim-processing rules "seek to promote the orderly progress of litigation by requiring

---

[7] Indeed, the very issue that happened in this case—the plaintiff filing an administrative complaint with the wrong agency and later realizing the mistake—is contemplated by the regulation and supported as a reason to equitably toll the administrative complaint. Mistakenly filing with the incorrect agency apparently happens with regularity and when it does, per the regulation, it is not a bar to filing a federal complaint.

14

1   that the parties take certain procedural steps at certain specified times." *Id.* (quoting *Henderson ex*
2   *rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)).

3   "'[H]arsh consequences' attend the jurisdictional brand." *Fort Bend Cnty., Texas, v.*
4   *Davis*, 587 U.S. 541, 548 (2019) (alternation in original) (citation omitted). For instance, because
5   courts cannot "exceed limits on their adjudicative authority, they cannot grant equitable exceptions
6   to jurisdictional rules." *Santos-Zacaria*, 598 U.S. at 416. Additionally, "[j]urisdictional
7   requirements cannot be waived or forfeited" and "must be raised by courts *sua sponte*." *Boechler,*
8   *P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 203 (2022). Given the stringency that applies
9   to jurisdictional rules, a procedural requirement is treated as jurisdictional "only if Congress
10  'clearly states' that it is." *Id.* (citation omitted).

11  "Exhaustion is typically nonjurisdictional for good reason." *Santos-Zacaria*, 598 U.S. at
12  417. "Jurisdictional treatment of an exhaustion requirement could undo the benefits of
13  exhaustion," particularly "the very interest in efficiency that exhaustion ordinarily advances." *Id.*
14  at 417-28. On numerous occasions the Supreme Court has characterized various "time
15  prescriptions for procedural steps in judicial or agency forums" as non-jurisdictional. *Fort Bend*
16  *Cnty., Texas,* 587 U.S. at 549-50 (citing *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583
17  U.S. 17 (2017); *Musacchio v. United States*, 577 U.S. 237 (2016); *United States v. Wong*, 575 U.S.
18  402 (2015); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428 (2011); *Eberhart v. United*
19  *States*, 546 U.S. 12 (2005); *Scarborough v. Principi*, 541 U.S. 401 (2004); and *Kontrick v. Ryan*,
20  540 U.S. 443 (2004)). Indeed, "filing a timely charge of discrimination [under Title VII] with the
21  EEOC is not a jurisdictional prerequisite to [a plaintiff filing] suit in federal court." *Zipes v. Trans*
22  *World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

23  In arguing that SOX's administrative complaint filing requirements are jurisdictional,
24  Defendants cite only non-binding legal authority or cases that restate the law's requirements. *See*
25  Mot. at 13 and Reply at 6-7. Luong responds by citing *Jaludi v. Citigroup & Co.*, 57 F.4th 148,
26  151 (3d Cir. 2023). Opp'n at 6. In *Jaludi*, the Third Circuit found both the SOX Act's time limit
27  and exhaustion requirements non-jurisdictional. 57 F.4th at 153. The Court's reasoning is
28  sensible; "Sarbanes–Oxley's 'exhaustion requirement should not become a tripwire for hapless

15

1    plaintiffs.'" *Erhart v. BofI Holding, Inc.*, 612 F. Supp. 3d 1062, 1087 (S.D. Cal. 2020) (citation
2    omitted).

3          In the instant case, because the Court finds Luong met SOX's administrative complaint
4    filing requirements as discussed below, the result is the same under either posture. If Luong's
5    administrative complaint filing requirements are jurisdictional, then the Court has jurisdiction
6    because it finds Luong met those requirements. If the filing requirements are a non-jurisdictional
7    claim-processing rule, then Defendants' motion to dismiss for failing to state a claim should be
8    denied.

9          As an initial matter Defendants maintain that Luong failed to timely file his administrative
10   complaint because it was not received by OSHA. Mot. at 13-14. On its face, the controlling
11   regulation states, "**The date of the** postmark, **facsimile transmittal**, electronic communication
12   transmittal, telephone call, hand-delivery, delivery to a third-party commercial carrier, or in-
13   person filing at an OSHA office **will be considered the date of filing**." § 1980.103(d) (emphasis
14   added). Thus, the date of filing, not the date of receipt, determines timeliness.

15         Here, Luong's SOX complaint was timely because it was faxed on either April 15, 2023
16   (per the SAC) or April 12, 2023 (per the judicially noticed exhibits) and Luong waited more than
17   180 days to file his complaint in federal court on April 24, 2024. Defendants' legal authority does
18   not dictate a different result. For instance, neither case involved faxed complaints, s*ee Murray,*
19   279 F. Supp. 2d 799 and *Bentley,* 414 F. App'x 28, and both were decided under a previous
20   iteration of the operative regulation that stated "if the complaint is filed in person, by hand-
21   delivery or other means, the complaint is filed upon receipt." 29 C.F.R. § 1980.103 (effective to
22   November 2, 2011).

23         Because the Court finds Luong timely filed his SOX administrative complaint, it need not
24   address whether the April 12, 2023 administrative SOX complaint should be equitably tolled and
25   the SAC amended.[8]

---

[8] Additionally, Defendants assert that Luong failed to comply with the post-filing requirement that "[w]ithin seven days after filing a complaint in federal court, a complainant must file with OSHA, the ALJ, or the ARB, depending on where the proceeding is pending, a copy of the file-stamped

16

### B. Claim Against Defendant Liang

In the alternative, Defendant Liang argues that he should be dismissed from this case because Plaintiff failed to identify Liang, or any retaliatory action by Liang, in Plaintiff's April 12, 2023 administrative SOX complaint. Mot. at 16. Plaintiff asserts that his current federal court SOX claim is reasonably related to the allegations in the April 12, 2023 administrative SOX complaint such that it survives a motion to dismiss. Opp'n at 10.

Neither party cited, nor is the Court aware of, any binding authority addressing this issue. However, the controlling regulations provide that to make a SOX administrative complaint, "[n]o particular form of complaint is required" and complaints "may be filed orally or in writing." 29 C.F.R. § 1980.103(b). "Because of the absence of formal pleading requirements, complaints in OSHA administrative proceedings are not expected to meet the standards of pleading that apply to claims filed in federal court under Rule 12(b)(6)." *Wadler v. Bio-Rad Lab'ys, Inc.*, 141 F. Supp. 3d 1005, 1020 (N.D. Cal. 2015). Additionally, "administrative pleadings are liberally construed and easily amended." *Donovan v. Royal Logging Co.*, 645 F.2d 822, 826 (9th Cir. 1981). Thus, the *Wadler* court found that "a complaint is sufficient so long as the whistleblower complainants give an opposing party 'fair notice' of the charges against it." *Wadler*, 141 F. Supp. 3d at 1020 (citation omitted).

Yet the *Wadler* court also noted that the test for "fair notice" does not "specifically address the question of what is required to give a particular individual 'fair notice' where only the corporation is expressly named as a respondent in an OSHA administrative action." *Id.* Instead, "Ninth Circuit cases addressing exhaustion requirements under Title VII further support the conclusion that an administrative complaint may, under some circumstances, be sufficient to exhaust a plaintiff's administrative remedies even where a particular defendant is not named as a defendant in any heading or caption." *Id.* at 1021. The Court disagrees with Defendant Liang that Plaintiff's failure to specifically name Liang in Plaintiff's April 12, 2023 administrative SOX

---

complaint." 29 C.F.R. § 1980.114, *see* Mot. at 15 (citing same). However, Plaintiff later provided his federal complaint to OSHA, mooting Defendants' concern. Brooks Decl. Ex. 1.

17

complaint dooms Plaintiff's current claim. "To require that an individual defendant be named in the caption of an administrative complaint when no formal pleading (or even written document) is even required under Sarbanes-Oxley is inconsistent with the statutory and regulatory framework established by Congress and the Department of Labor to ensure compliance with Sarbanes-Oxley." *Wadler*, 141 F. Supp. 3d at 1021.

Therefore, the Court looks to the whole of the April 12, 2023 SOX administrative complaint and determines that it gives "fair notice" to Liang of potential claims against him. The administrative complaint directs numerous allegations specifically against Defendant Liang, including that:

- "Super Micro and is CEO, Charles Liang ('CEO Liang') have a well-documented history of prematurely recognizing revenue and understating expenses in violation of Generally Accepted Accounting Principles ("GAAP") and certain antifraud, books and records, and internal accounting controls provisions of the federal securities laws." April 12, 2023 administrative SOX complaint at 1-2.
- "Though Super Micro and CEO Liang appeared to curtail their unlawful activities for a brief period following the SEC enforcement action and was able to get the company relisted on the NASDAQ in January 2020, it did not take long until they began to engage in unlawful accounting activities again." *Id.* at 2.
- "Mr. Luong resisted and, in some instances, refused to go along with CEO Liang's and Super Micro's schemes, which he reasonably believed violated GAAP and SEC accounting rules." *Id.*
- "In December 2020 and January 2021, Mr. Luong reported his concerns regarding the recognition and allocation of revenue issues to CFO Kevin Bauer who met with CEO Liang to discuss these concerns." *Id.* at 4.

Taken together, these allegations are sufficient to give Defendant CEO Liang "fair notice" had OSHA initiated an investigation within the 180-day timeframe to do so.[9]

---

[9] Defendant Liang argues that "there is nothing beyond Plaintiff's speculation to suggest that an

## V. CONCLUSION

The Court DENIES Defendants motion to dismiss in full. Defendants shall file an answer to the operative complaint within 21 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: June 17, 2025

Noël Wise
United States District Judge

---

OSHA investigation into the allegations in his purported SOX complaint would have focused on Liang's conduct" and because "Plaintiff never filed his SOX complaint with OSHA, we will never know." Reply at 13. This misses the issue of whether Liang had "fair notice" of a claim against him.

19