1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

BOB K. LUONG, an individual,

Plaintiff,

v.

SUPER MICRO COMPUTER, INC., a
Delaware Corporation, and CHARLES LIANG,
an individual,

Defendants.

Case No. 5:24-cv-02440-NW

ASSIGNED FOR ALL PURPOSES TO THE HON. NOËL
WISE, COURTROOM 3

[PROPOSED] STIPULATED ORDER RE:
DISCOVERY OF ELECTRONICALLY
STORED INFORMATION FOR
STANDARD LITIGATION
AS MODIFIED BY THE COURT

Complaint Filed:      April 24, 2024
1AC Filed:            May 6, 2024
2AC Filed:            December 16, 2024
Trial Date:          September 21, 2026

**1.     PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2.     COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3.     LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.  Plaintiff's ESI liaison is Ally Girouard.  Defendants' ESI liaison is: Bart Jordan.

**4.     PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a)     Only ESI created or received from August 25, 2019,  to the present will be preserved, with the exception of Plaintiff's personnel file and any documents related to his job performance, which will be preserved from the beginning of Plaintiff's employment to the present;

b)     The parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

1  c)  The parties will agree on the number of custodians per party for whom ESI will be
2  preserved;

3  d)  The parties are looking into which data sources are not reasonably accessible because
4  of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B), if any, and will disclose those data
5  sources once they are identified.  ESI from these sources will be preserved but not searched,
6  reviewed, or produced;

7  e)  Among the sources of data the parties agree are not reasonably accessible, the parties
8  agree not to preserve the following: [e.g., backup media created before August 25, 2019 ,
9  automatically saved versions of documents];

10  f)  The parties are looking into whether there are any sources of data that (a) could
11  contain relevant information but (b) under the proportionality factors, should not be preserved, and
12  will disclose those data sources, if any, once they are identified.

13  **5.**  **SEARCH**

14  The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if
15  appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is
16  subject to production in discovery and filter out ESI that is not subject to discovery.

17  **6.**  **PRODUCTION FORMATS**

18  The parties agree to produce documents in PDF, and, when necessary for the proper display
19  of the document (*i.e.*, Excel files), native file formats.  For the production of electronic
20  communications, the parties agree to provide a load file containing metadata of the original
21  document (e.g., to/from/cc fields, date sent, email subject, etc.). If particular documents warrant a
22  different format, the parties will cooperate to arrange for the mutually acceptable production of such
23  documents. The parties agree not to degrade the searchability of documents as part of the document
24  production process.

25  **7.**  **PHASING**

26  When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree
27  to phase the production of ESI, when useful to facilitate more expeditious production of some

28

Rutan & Tucker, LLP
*attorneys at law*

Case No.  5:24-cv-02440-NW
[PROPOSED] STIPULATED E-DISCOVERY
ORDER

materials, including through rolling productions.  For email productions, each party shall rank their proposed custodians in order of priority, and the initial production will be from the highest priority source and custodian, to the extent reasonably practicable.  Following the initial production, parties will continue to work through subsequent productions in rank order (e.g., the second production will consist of emails from the second-ranked custodian) to the extent reasonably practicable.

**8.    DOCUMENTS PROTECTED FROM DISCOVERY**

a)  Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.  Any party that discloses or produces information that it considers privileged or otherwise protected from discovery will give written notice to the receiving party identifying the information in question, the asserted privilege or protection, and the grounds therefor.  Upon receipt of notice of the assertion of privilege or protection over produced information, the receiving party will destroy all copies of the information in its possession and notify the producing party as to whether it contests the assertion of privilege or protection.  In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, either party may bring the contest to the attention of the Court by ~~motion.~~ filing a joint statement in accordance with Judge van Keulen's Civil and Discovery Referral Matters Standing Order.

b)  The parties have agreed upon a "quick peek" process pursuant to Fed. R. Civ. P. 26(b)(5) and reserve rights to assert privilege as follows:  Any party that receives privileged information must promptly destroy all copies of the information and may not use or disclose the privileged information for any purpose.  If the privileged nature of the information is disputed, the Parties will present the issue to the Court in accordance with Judge van Keulen's Standing Order. ~~party that received the privileged information may, after destroying all copies of the information in its possession, ask the Judge (or, if a Magistrate Judge has been assigned, the assigned Magistrate Judge) for an informal discovery conference at which the party that produced the privileged information shall present that information so that the Magistrate Judge may determine whether it is~~

1  ~~privileged, in whole or in part, and may order its production if the material is not privileged or may~~

2  ~~order partial production if the material is only partially privileged.~~.

3         c)   Communications involving trial counsel of record need not be placed on a privilege

4  log. Communications may be identified on a privilege log by category, rather than individually, if

5  appropriate. Only ESI will be preserved as specified in Section 4, *supra*;

6  **9.    MODIFICATION**

7         This Stipulated Order may be modified by a Stipulation of the parties approved by the Court

8  or by the Court for good cause shown.

9         **IT IS SO STIPULATED**, through Counsel of Record.

10

11  Dated:  September xx, 2025                  RUTAN & TUCKER, LLP

12

13                                             By: _____

14                                                 Hope Anne Case
                                                   Attorneys for Defendants
15                                                 SUPER MICRO COMPUTER, INC. and
                                                   CHARLES LIANG
16

17  Dated:  September xx, 2025                  GOMERMAN, BOURN & ASSOCIATES

18

19                                             By: _____

20                                                 Tanya Gomerman
                                                   Attorneys for Plaintiff
21                                                 BOB LUONG

22         **IT IS SO ORDERED** that the foregoing Agreement is approved.

23

24  Dated:  ____September 12, 2025____          _____

25                                                 Susan van Keulen
                                                   United States Magistrate Judge

26

27

28